UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM JOSEPH BAUMER,

Petitioner,

v.

RALPH DIAZ, Warden,

Respondent.

Case No.: 3:19-cv-0870-CAB-WVG

**ORDER DENYING OF PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

## I.    INTRODUCTION

Petitioner William Joseph Baumer ("Petitioner" or "Baumer"), a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2001 sentence stemming from his conviction in San Diego Superior Court case number SF141219.  (*See* Pet. at 1, ECF No. 1.)[1]  On January 3, 2001, Petitioner was sentenced to 78-years-to-life in prison under California's Three Strikes Law after being convicted of two counts of battery on a nonconfined person, one count of possession of a weapon or sharp instrument while confined in a penal institution, and one

---

[1]  Page numbers for docketed materials cited in this Report and Recommendation refer to those imprinted by the court's electronic case filing system.

count of manufacturing a weapon while confined in a penal institution. (*See* Pet., ECF No. 1 at 1–2; *see also* Lodgment No. 1, ECF No. 7-1 at 249–50.)

In 2012, California voters passed Proposition 36, California's Three Strikes Reform Act. Baumer sought resentencing pursuant to the new law. (*See* Lodgment No. 1, ECF No. 7-1 at 21–49.) In his Petition, he argues the state courts' denial of his request for resentencing violated his rights under the United States Constitution. (*See generally*, Pet., ECF No. 1.) The Court has reviewed the Petition, the Answer and Memorandum of Points and Authorities in Support of the Answer, the Traverse, the lodgments, and all the supporting documents submitted by both parties. For the reasons discussed below, the Petition is **DENIED**.

## II.     FACTUAL BACKGROUND

This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1) (West 2006); *see also Parke v. Raley*, 506 U.S. 20, 35–36 (1992) (holding findings of historical fact, including inferences properly drawn from those facts, are entitled to statutory presumption of correctness). The California Court of Appeal summarized the facts as to Baumer's underlying convictions as follows:

> On February 6, 1999, a correctional officer at the Richard J. Donovan correctional facility conducted a search of Baumer's one-person cell. The officer found hidden in Baumer's mattress an inmate-manufactured, seven and a half-inch hard plastic object that had been sharpened to a point. The officer believed that the item was intended to be a stabbing instrument.

> On the night of April 3, 1999, a correctional officer was conducting a routine count of inmates. As the officer walked by Baumer's cell, he noticed Baumer using an incendiary device to heat a black object. The officer saw Baumer scrape the heated object on the floor to fashion a sharp, pointed object that could be used as a weapon. The officer opined that Baumer was fashioning the object in this manner in order to use the object as a weapon. The following morning, the officer told a correctional sergeant about what he had observed Baumer doing the night before.

At around 8:00 a.m. on April 4, a different correctional officer conducted a search of Baumer's cell. That officer found an object, wrapped in cellophane and hidden inside a bottle of hand lotion, that appeared to be an "inmate-manufactured weapon." The object was approximately five and three-quarters inches long, and had been sharpened to a point at one end.

In the afternoon of June 8, 1999, a correctional officer was removing Baumer's handcuffs through a slot in the cell door. Baumer pulled his hands away from the officer, pulling the handcuffs and the officer's hands into the slot. In the process of doing this, Baumer caused the officer to suffer cuts and abrasions to one of his hands. Baumer refused to return the handcuffs to the officer. Eventually a correctional lieutenant was called, and the lieutenant was able to convince Baumer to return the handcuffs.

On June 11, 1999, while the same officer who had been injured by Baumer's pulling his hands and handcuffs through the cell slot was escorting Baumer to the shower, Baumer verbally threatened the officer, telling him that he would "kick [his] ass even with handcuffs on." Baumer made verbal threats the entire time as they walked to the shower area. After the officer locked Baumer inside the shower area, Baumer turned around and spat in the officer's face.

The April 3 and 4, 1999 incidents led to the charges alleged in counts 3 and 4. The June 8 and June 11, 1999 incidents led to the charges alleged in counts 1 and 2.

(Lodgment No. 6, ECF No. 7-7 at 3–5.)

## III.   PROCEDURAL HISTORY

On June 19, 2000, a jury found Baumer guilty of two counts of battery on a nonconfined person by a prisoner (Cal. Penal Code § 4501.5 (counts one and two)). (*See* Lodgment No. 1, ECF No. 7-1 at 1–2, 9.) The jury further found true the special allegations that Petitioner had suffered three prison priors and two "strike" priors (Cal. Penal Code §§ 667(b)–(i), 667.5(b)). (Lodgment No. 1, ECF No. 7-1 at 221–25.) Baumer also pleaded guilty to possession of a weapon or sharp instrument while confined in a penal institution (Cal. Penal Code § 4502(a) (count three)), and manufacturing a weapon while confined in a penal institution (Cal. Penal Code § 4502(b) (count four)).

(Lodgment No. 1, ECF No. 7-1 at 51–52, 216–17.)   On January 3, 2001, the trial court sentenced Baumer to 78-years-to-life in prison, pursuant to California's Three Strikes Law.[2]  (*Id.* at 249–50.)

On November 6, 2012, California voters approved Proposition 36, also known as the Three Strikes Reform Act of 2012 ("Act").  *See* Cal. Penal Code § 1170.126 (codifying Proposition 36).  The Act changed the requirements for sentencing a third strike offender to an indeterminate prison term of 25-years-to-life.  Under the original three strikes law, an offender with two or more prior strikes who was convicted of any new felony was subject to an indeterminate life sentence.  *People v. Yearwood*, 213 Cal. App. 4th 161, 167 (Cal. Ct. App. 2013).  The Act "diluted the three strikes law by reserving the life sentence for cases where the current crime [was] a serious or violent felony or the prosecution ha[d] pled and proved an enumerated disqualifying factor.  In all other cases, the recidivist [would] be sentenced as a second strike offender."  *Id.* at 167–68.

On August 17, 2015, Baumer filed a petition to have his sentence modified under the Act.  (*See* Lodgment No. 1, ECF No. 7-1 at 21–49.)  The trial court denied the petition on January 12, 2016, concluding that, as to counts one and two, Baumer was ineligible for resentencing under the Act because doing so would pose an unreasonable risk of danger to public safety.  (*See* Supp. Lodgment, ECF No. 13-1 at 25–29.)  As to counts three and four, the court denied the petition because it found that during the commission of those crimes, Baumer was armed with a deadly weapon.  (*Id.* at 12–13.)

Baumer appealed to the California Court of Appeal.  (*See* Lodgment No. 3, ECF No. 7-4.)  His court-appointed appellate attorney argued (1) the trial court abused its discretion in denying resentencing in counts one and two, (2) the trial court applied the

---

[2] The court sentenced Baumer to consecutive 25-years-to-life terms for counts one, two and three, plus three one-year terms for the prison priors found to be true.  As for count four, the 25-years-to-life term was stayed pursuant to California Penal Code section 654. (Lodgment No. 1, ECF No. 7-1 at 15, 249–50.)

incorrect standard for determining Petitioner posed an "unreasonable risk of danger," (3) he had a right to jury determination on the dangerousness finding, (4) the trial court erred in denying resentencing on counts three and four, and (5) a jury was required to find him ineligibile for resentencing on counts three and four beyond a reasonable doubt.  (*See id.* at 16–62.)  On June 28, 2017, the appellate court affirmed the trial court's order denying Baumer's petition for sentence modification.  (*See* Lodgment No. 6, ECF No. 7-7.)   On July 28, 2017, Baumer filed a petition for review in the California Supreme Court. (Lodgment No. 7, ECF No. 7-8.)  The California Supreme Court denied the petition for review on October 11, 2017, without comment or citation.  (Lodgment No. 8, ECF No. 7-9.)

On August 27, 2018, Baumer filed a petition for writ of habeas corpus in the San Diego County Superior Court.  (Lodgment No. 9, ECF No. 7-10.)  The court denied the petition in a reasoned decision on October 11, 2018.  (Lodgment No. 10, ECF No. 7-11.) Baumer then filed a petition for writ of habeas corpus in the California Court of Appeal on October 24, 2018.  (Lodgment No. 11, ECF No. 7-12.)  Baumer raised four grounds for relief:  (1) he was deprived of due process when the trial court denied him resentencing on the battery counts because there was insufficient evidence he posed an unreasonable risk of danger to the public, (2) the court erred in denying resentencing on counts three and four because the court failed to make a factual finding he was armed with a deadly weapon, (3) trial counsel was ineffective in failing to investigate and present evidence he presented a low risk to public safety if released, (4) appellate counsel was ineffective for failing to raise the previous three claims on appeal.  (Lodgment No. 11, ECF No. 7-12 at 7–48.)  On November 2, 2018, the appellate court denied the petition in a reasoned decision, concluding the claims were procedurally barred and without merit.  (Lodgment No. 12, ECF No. 7-13 at 2–5.)   Baumer filed a habeas petition in the California Supreme Court on November 26, 2018, raising the same four claims he raised in his petition to the appellate court.  (Lodgment No. 13, ECF No.

/ / /

7-14 at 9–50.)  On April 24, 2019, the court denied the petition without comment or citation.  (Lodgment No. 14, ECF No. 7-15.)

On May 8, 2019, Baumer, proceeding pro se, filed the instant Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.  (ECF No. 1.)  Respondent filed an Answer and Memorandum of Points and Authorities on July 15, 2019.  (ECF No. 6-1.)  On September 11, 2019, Petitioner filed a Traverse.  (ECF No. 15.)

## IV.  SCOPE OF REVIEW

Baumer's Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  Under AEDPA, a habeas petition will not be granted unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.  28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002).

A federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable.  *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).  In order to grant relief under § 2254(d)(2), a federal court "must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record."  *See Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts.  *See Bell v. Cone*, 535 U.S. 685, 694 (2002).  The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied

those decisions to the facts of a particular case. *Id.* Additionally, the "unreasonable application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable." *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805–06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Andrade*, 538 U.S. at 75–76); *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). However, a state court need not cite Supreme Court precedent when resolving a habeas corpus claim. *See Early*, 537 U.S. at 8. "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" the state court decision will not be "contrary to" clearly established federal law. *Id.* Clearly established federal law, for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Andrade*, 538 U.S. at 72.

/ / /

# V. DISCUSSION

Baumer raises four claims in his Petition: (1) his due process rights were violated when the state court improperly denied his request for resentencing on counts one and two without finding some evidence of danger to public safety, (2) his due process rights were violated when the state court found him ineligible for resentencing on counts three and four based on insufficient evidence he was armed with a deadly weapon at the time of the offenses, (3) his counsel at resentencing was ineffective, in violation of his Sixth Amendment rights and (4) appellate counsel was ineffective, in violation of his Sixth Amendment rights. (*See generally*, Pet., ECF No. 1.) Respondent argues claims one and two are procedurally barred and not cognizable on federal habeas. (Mem. P. & A. Supp. Answer, ECF No. 6-1 at 9–14.) Further, Respondent argues all four claims fail on the merits. (*See id.*)

## A. Claim One: Unreasonable Risk of Danger

In ground one, Petitioner argues the state court's denial of his motion to recall his sentence as to counts one and two under Proposition 36 (Cal. Penal Code §1170.126) violated his right to Due Process under the United States Constitution. (Pet., ECF No. 1 at 12.) Baumer contends the trial court's conclusion that he was not entitled to resentencing on counts one and two because he posed an "unreasonable risk of danger to the public" was based on insufficient evidence. (*Id.* at 12–29; *see also* Traverse, ECF No. 15 at 13–17.)

Baumer raised this claim in his petition for writ of habeas corpus to the California Supreme Court and it was denied without comment or citation. (Lodgment Nos. 13, 14, ECF Nos. 7-14, 7-15.) This Court therefore looks through to the last reasoned state court opinion to address the claim. *See Ylst*, 501 U.S. at 805–06. Here, that is the California Court of Appeal's denial of Baumer's habeas petition. In its decision, the appellate court concluded that because Baumer could have raised the claim on direct appeal, but failed to do so, it was procedurally barred under *In re Dixon*, 41 Cal.2d 756, 759 (1953). (Lodgment No. 12, ECF No. 7-13 at 3.) The court further held Baumer failed to state a

prima facie case on the merits of the claim, noting that the resentencing court reviewed Baumer's history and "found the violence involved in the crimes and disciplinary violations Baumer committed while in prison and the manipulativeness he displayed at trial and in prison made him unreasonably dangerous to public safety." (*Id.* at 3.)

Respondent argues the claim is procedurally defaulted because the state appellate court found it barred under *Dixon*, 41 Cal.2d at 759. (*See* Mem. P. & A. Supp. Answer, ECF No. 6-1 at 12–14.) Under the procedural default doctrine, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722729; *Park v. California*, 202 F.3d 1146, 1151 (9th Cir. 2000); *see also Johnson v. Montgomery*, 899 F.3d 1052, 1060 (9th Cir. 2018) (recognizing that California's *Dixon* bar is an adequate and independent state law ground to bar federal habeas review); *Cook v. Kernan*, — Fed. App'x —, 2020 WL 354623, *1 (9th Cir. Jan. 21, 2020) (stating "California's *Dixon* bar has been upheld as an adequate and independent procedural ground capable of barring federal habeas review").

In his Traverse, Baumer acknowledges the claim was procedurally barred in state court but contends he should be excused from any possible procedural default on federal habeas because he suffered cause and prejudice due to ineffective assistance of appellate counsel for failure to raise the claim on direct appeal.[3] (*See* Traverse, ECF No. 15 at 8, 16.) This Court need not determine whether Petitioner can establish cause and prejudice to excuse the default. The Ninth Circuit has indicated that: "Procedural bar issues are not

---

[3] Federal courts may still review procedurally defaulted claims if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of a miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750. For ineffective assistance of counsel to constitute cause, the ineffective assistance claim must have been presented as an independent claim to the state courts and Petitioner must establish that his attorney was "constitutionally ineffective under the standard established in *Strickland v. Washington*, [466 U.S. 668 (1984)]." *See Murray v. Carrier*, 477 U.S. 478, 489 (1986).

infrequently more complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same." *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (stating that where it is easier to resolve a petitioner's claims on the merits, the interests of judicial economy counsel against deciding the often more complicated issue of procedural default)). Here, the Court finds the interests of judicial economy support denying the claim on the merits without determining whether Petitioner can overcome the procedural default.

It is clear Baumer is not entitled to relief on the merits. First, to the extent that Petitioner seeks to challenge the state courts' specific determination that he was ineligible for Proposition 36 resentencing on counts one and two, that claim is not cognizable because it turns solely on the interpretation of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (holding mere errors in the application of state law are not cognizable on habeas corpus). Generally, whether a state court properly construed or applied state sentencing law is a question of state law not subject to federal habeas review. *See Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir. 1989); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (concluding a state court's sentence determination was "matter of state criminal procedure and is not within the purview of federal habeas corpus"). As such, challenges to Proposition 36 resentencing determinations generally not cognizable on federal habeas. *See Mueck v. Anglea*, 2019 WL 3564013, at *2 (E.D. Cal. Aug. 6, 2019) (finding a petitioner's claim that his due process rights were violated when the resentencing court found him ineligible for Proposition 36 resentencing because he was an "unreasonable risk of danger to public safety" was not cognizable); *Cowan v. Gastelo*, 2018 WL 4185423, *5 (S.D. Cal. Aug. 13, 2018) ("[T]o the extent that Petitioner seeks to challenge the state courts' specific determination that he was ineligible for resentencing under Proposition 36, that claim is not cognizable in this case because it turns solely on the interpretation of state law.");

/ / /

*Foster v. California*, 2018 U.S. Dist. LEXIS 74653, at *8 (C.D. Cal. May 2, 2018) ("A claim premised on either Proposition 36 or Proposition 47 is not cognizable on federal habeas review.").

And Baumer may not, as he attempts to do here, convert a state law claim into a federal one simply by characterizing his claims as federal constitutional violations. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) ("[The petitioner] may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process"); *see also Adams v. Borders*, 2016 WL 4523163, at *8 (C.D. Cal. July 29, 2016) ("The fact that Petitioner may be attempting to characterize his claim concerning resentencing under Proposition 47 as a federal constitutional claim is not sufficient to render it cognizable.") (internal citation omitted). Furthermore, even if such a claim were cognizable on federal habeas, the Court would be bound by the state court's determination that Petitioner was ineligible for resentencing under California law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

In his Petition, Baumer argues his due process rights were violated because Proposition 36 created a "liberty interest in resentencing." (*See* Pet., ECF No. 1 at 14.) The Supreme Court has held that state law may guarantee a defendant certain procedural rights at sentencing which may not be arbitrarily denied under due process. *See Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980) (defendant may not be arbitrarily denied state-created liberty interest in sentencing procedure); *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011); *see also Bonin v. Calderon*, 59 F.3d 815, 841 (9th Cir. 1995). However, Baumer fails to show that a liberty interest was created by Proposition 36. The California Supreme Court has expressly held that Proposition 36, by its terms, "does not create an entitlement to resentencing." *People v. Perez*, 4 Cal. 5th 1055, 1064 (Cal. 2018) ("the

/ / /

/ / /

finding of a fact that renders a petitioner ineligible for resentencing deprives him or her of an opportunity to have the trial court make a discretionary determination as to whether he or she should be resentenced").

Lastly, Baumer has failed to show the state court's denial of resentencing was "so arbitrary or capricious as to constitute an independent due process . . . violation." *See Richmond v. Lewis*, 506 U.S. at 50 (holding that a state court's application of state law does not rise to the level of a federal due process violation unless it was so arbitrary or capricious as to constitute an independent due process violation). Proposition 36 authorizes an inmate currently serving an indeterminate term under the original Three Strikes law to petition the trial court for resentencing in light of the narrowed class of third-strike felonies for which an indeterminate sentence can be imposed. Cal. Penal Code § 1170.126(a), (b). "Upon receiving such a petition, the trial court 'shall determine whether the petitioner satisfies the criteria' for resentencing eligibility" under the revised Three Strikes law." *Perez*, 4 Cal. 5th at 1062 (citing Cal. Penal Code § 1170.126(e), (f)). Then, "[i]f the petitioner is found eligible for resentencing, he or she 'shall be resentenced pursuant to Proposition 36 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.'" *Id*. (citing Cal. Penal Code § 1170.126(f)). Section 1170.126(g) then provides factors the court may consider in determining whether resentencing would pose an unreasonable risk of danger to public safety. It identifies: (1) consideration of a "petitioners criminal conviction history, including the types of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes;" (2) the petitioner's disciplinary and rehabilitation records while in custody; and (3) any other evidence relevant to determining "whether a new sentence would result in an unreasonable risk of danger to public safety." Cal. Penal Code § 1170.126(g)(1)–(3).

Here, the court reviewed Baumer's criminal history, his prison disciplinary records and evidence of his progress while incarcerated and concluded:

> [F]aced with all of the information I have now, both the good as well

3:19-cv-0870-CAB-WVG

as the prior history, I believe he's an unreasonable risk to public safety. The emphasis on public safety because I don't think he would maintain his behavior on the outside because I saw what he was doing before and the reason why he would do it again. [¶] He's manipulative. . . . So the bottom line is at this particular stage I believe he's still currently a danger.

(Supp. Lodgment, ECF No. 13-1 at 27–28.) Thus, the court reviewed Baumer's history and relevant facts, as required under section 1170.126(g). Petitioner's criminal and prison history was extensive, despite being somewhat remote in time. As the prosecution noted, Baumer had at least 20 disciplinary write-ups between 1998 and 2011, including 13 "serious rules violations," also known as "CDC 115" violations.[4] (*See* Supp. Lodgment, ECF No. 13-1 at 14–16; *see also* Lodgment No. 1, ECF No. 7-1 at 112–13, 150–84.) In light of this history, it was not arbitrary or capricious for the trial court to find Petitioner posed an unreasonable risk of danger to public safety. *See Richmond*, 506 U.S. at 50. Nor was the state court's determination based on an unreasonable determination of the facts in light of the state court record. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (holding a petitioner may only establish a decision was based on an unreasonable determination of the facts after rebutting the presumption of correctness by clear and convincing evidence).

In sum, the Court concludes Baumer has failed to state a cognizable claim on federal habeas. *Estelle*, 502 U.S. at 67–68. In addition, the state court's denial of Baumer's petition for sentence modification under Proposition 36 was neither contrary to, nor an unreasonable application of, clearly established law. *See* 28 U.S.C.

/ / /

/ / /

---

[4] A "CDC 115" refers to a California Department of Corrections and Rehabilitation rules violation report that documents misconduct that is believed to be a violation of law or is not minor in nature. *See In re Roderick* 154 Cal. App. 4th 242, 249, fn. 3 (Cal. Ct. App. 2007); *see also* Cal. Code Regs., tit. 15, § 3312(a)(3).

§ 2254(d)(1); *Williams*, 529 U.S. at 407–08. Nor was the state court's denial of the claim based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2); *Miller-El*, 537 U.S. at 340. Claim one is therefore **DENIED**.

## B.    Claim Two: Deadly Weapon

In his second claim, Baumer argues the trial court erred in concluding he was ineligible for resentencing on counts three and four, amounting to a due process violation. Specifically, he contends the court erroneously found he was ineligible for resentencing on counts three and four because he was armed with a deadly weapon during the commission of those crimes. (Pet., ECF No. 1 at 30–33; *see also* Traverse, ECF No. 15 at 17–19.) Petitioner raised this claim in his habeas corpus petition filed in the California Supreme Court. (Lodgment No. 13, ECF No. 7-14 at 33–36.) The petition was denied without comment or citation. (*See* Lodgment No. 14, ECF No. 7-15.) As such, this Court "looks through" that silent denial to the decision of the appellate court denying Baumer's petition for writ of habeas corpus. *See Ylst*, 501 U.S. at 805–06.

The appellate court found the claim was procedurally barred as untimely and for failure to raise the claim on direct appeal. (Lodgment No. 12, CF No. 7-13 at 2–3.) The court further concluded the claim was without merit, stating that by pleading guilty to the manufacture and possession of the weapon while in prison, "Baumer obviously was present with the weapon and had it available for the use both when he manufactured it and when he possessed it, his no contest plea established beyond a reasonable doubt that he was armed at those times and therefore was ineligible for resentencing under Proposition 36." (*Id.* at 5.)

Respondent argues the claim is procedurally defaulted. (*See* Mem. P. & A. Supp. Answer, ECF No. 6-1 at 12–15.) As with ground one, Baumer contends any procedural default should be excused because counsel was ineffective in failing to raise the claim in state court. (*See* Traverse, ECF No. 15 at 8, 16.) As discussed above, however, this Court need not decide the procedural default issue because the claim clearly fails on the merits. *See Lambrix*, 520 U.S. at 525 (stating that where it is easier to resolve a

petitioner's claims on the merits, the interests of judicial economy counsel against deciding the often more complicated issue of procedural default).

Baumer's challenge to the state courts' determination that he was ineligible for re-sentencing fails for the same reason as ground one—it involves only an alleged error in the application of state law, specifically, an alleged misapplication of California Penal Code section 1170.126. As discussed above, matters relating to state sentencing law generally are not cognizable on federal habeas review. *Estelle*, 502 U.S. at 67–68 ("[I]t is not the province of a federal habeas court to reexamine state-court decisions on state-law grounds."); *Miller*, 868 F.2d at 1118–19; *Souch v. Schaivo*, 289 F.3d 616, 622–23 (9th Cir. 2002) (state prisoner's challenge to trial court's exercise of discretion under state sentencing law fails to state federal habeas claim); *see also, e.g., Jones v. Superior Court*, 2016 WL 7638205, at *2 (C.D. Cal. Nov. 17, 2016) (petitioner's contention that he was entitled to resentencing under Proposition 36 was not cognizable as it challenged only a state sentencing issue); *Williams v. Valenzuela*, 2018 WL 2059644, at *5 (C.D. Cal. Mar. 23, 2018).

Furthermore, even assuming the claim is cognizable, Baumer has failed to establish the state court's purported misapplication of the resentencing law was "so arbitrary or capricious as to constitute an independent due process" violation. *See Richmond*, 506 U.S. at 50. Under Proposition 36, an already sentenced inmate whose third strike was a nonserious, nonviolent felony and who otherwise satisfies the criteria for resentencing is nonetheless ineligible for resentencing if his current sentence was imposed for an offense during which he "was armed with a firearm or deadly weapon." *Perez*, 4 Cal. 5th at 1062 (citing Cal. Penal Code §§ 1170.12(c)(2)(C)(iii) and 1170.126(e)(2)). Here, the state court concluded that under California law, Baumer was not entitled to resentencing on counts three (possession of a weapon of sharp instrument while confined in a penal institution) and count four (manufacturing a weapon while confined in a penal institution) because he was armed with a deadly weapon at the time. (Supp. Lodgment, ECF No. 13-1 at 12–13.) This Court is bound by the state courts' interpretation of California law.

*See Bradshaw*, 546 U.S. at 76 (stating that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus"). Because Petitioner was ineligible to be resentenced under Proposition 36, he has failed to show any error, let alone demonstrate that the state court's determination was "so arbitrary or capricious" as to violate due process. *See Richmond*, 506 U.S. at 50; *see also Perez v. Asuncion*, 2017 WL 8160292, at \*4–5 (C.D. Cal. Nov. 17, 2017) (finding petitioner ineligible for resentencing under Proposition 36 based on finding that he was armed during his commission the offenses was not arbitrary and capricious); *Williams v. Valenzuela*, 2018 WL 22059644, at \*6 (C.D. Cal. Mar. 23, 2018); *Jordan v. Rackley*, 2017 WL 1652597, at \*2 (C.D. Cal. Feb. 10, 2017).

Baumer appears to also argue that the state court's decision was based on an unreasonable determination of the facts in light of the state court record. At the preliminary hearing on counts three and four, a correctional officer testified that he saw Baumer manufacturing a weapon in his cell. He was seen heating plastic item, molding it and scraping it on the floor before it cooled and hardened to a point so that it could be used as a weapon. (Lodgment No. 1, ECF No. 7-1 at 127–29, 131–32.) The weapon nearly 6 inches long was found in Baumer's cell, which he occupied alone. (*Id.* at 133.) The correctional officer testified that he considered the item to be a "deadly weapon." (*Id.* at 134.) Based on this testimony alone, the court's determination that Baumer was in possession of a deadly weapon at the time he committed counts three and four was not based on an unreasonable determination of the facts, in light of the state court record. *See Miller-El*, 537 U.S. at 340; *see also Parke*, 506 U.S. at 35–36 (holding findings of historical fact, including inferences properly drawn from those facts, are entitled to presumption of correctness).

Therefore, for the reasons discussed above, Baumer is not entitled to relief on ground two because he has failed to state a cognizable claim on federal habeas. Furthermore, even assuming he alleges a due process violation, the state court's denial of Alexandre's due process claim was neither contrary to, nor an unreasonable application

of, clearly established law. *See Williams*, 529 U.S. at 412–13. Likewise, the decision did not involve an "unreasonable determination of the facts in light of the evidence presented in the state court proceedings." *See Miller-El*, 537 U.S. at 340. Ground two is therefore **DENIED**

## C.   Claims Three and Four:  Ineffective Assistance of Counsel

In his third and fourth grounds for relief, Petitioner argues he received ineffective assistance from his resentencing hearing counsel and his appellate counsel, respectively. (Pet., ECF No. 1 at 33–39.) He argues that counsel at resentencing and on appeal both failed to raise or adequately argue the above two claims. (*Id.*) He also argues appellate counsel was ineffective in failing to raise a claim of ineffective assistance of resentencing counsel on appeal. (*See id.*) Respondent argues both claims are without merit because the state court's denial was neither contrary to, nor an unreasonable application of, clearly established law. (Mem. P. & A. Supp. Answer, ECF No. 6-1 at 15–19.)

### 1.   State Court Decision

Baumer raised his claims of ineffective assistance of trial and appellate counsel in his petition for writ of habeas corpus to the California Supreme Court. (Lodgment No. 13, ECF No. 7-14 at 37–45.) The court denied the petition without comment or citation. (Lodgment No. 14, ECF No. 7-15.) Therefore, this Court looks through to the last reasoned decision from the state courts, in this case that is the California Court of Appeal's denial of Baumer's habeas petition. *See Ylst*, 501 U.S. at 805–06. In denying relief, the appellate court rejected both of Petitioner's claims, discussing them together as follows:

> Baumer's claims of ineffective assistance of counsel fail to state a prima facie case. To state a claim against trial counsel, Baumer must identify an act or omission of counsel that was not the result of reasonable professional judgment and must show a reasonable probability that, but for that act or omission, the result of the resentencing hearing would have been different. (*Strickland v. Washington* (1984) 466 U.S. 668, 690, 694 (*Strickland*); accord, *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) To state a claim against appellate counsel, Baumer must identify "Crucial

assignments of error, which arguably might have resulted in a reversal" and which counsel inexcusably failed to assert. (*In re Smith* (1970) 3 Cal.3d 192, 202.)

Trial counsel did not unreasonably and prejudicially fail to challenge the evidence regarding the risk of danger resentencing Baumer would pose to public safety. His current dangerousness was the primary issue in dispute at the hearing on the Proposition 36 petition for resentencing. Counsel argued that Baumer would not pose an unreasonable risk to public safety because he had stayed out of trouble since 2002 and had maintained good behavior after his transfer out of administrative segregation. In response to counsel's argument, the trial court acknowledged that Baumer had improved himself considerably while in prison, but nevertheless found the violence involved in the crimes and disciplinary violations Baumer committed while in prison and the manipulativeness he displayed at trial and in prison made resentencing him unreasonably dangerous to public safety. Given the trial court's stated concerns, although trial counsel could have bolstered her argument that resentencing Baumer was not unreasonably dangerous had she discovered and cited the CSRA that reduced his rated risk of recidivism from moderate to low, her failure to do so does not "undermine confidence in the outcome." (*Strickland*, *supra*, 466 U.S. at p. 694.) Nor was appellate counsel ineffective for failing to mount a challenge to the sufficiency of the evidence to support the trial court's determination. A court's discretionary determination of dangerousness on a Proposition 36 resentencing petition will be upheld if it is supported by substantial evidence. (*People v. Frierson* (2017) 4 Cal. 5th 225, 239.) The trial court considered the relevant facts, including Baumer's criminal history, his disciplinary record and rehabilitative accomplishments in prison, and his manipulative behavior at trial and in prison. (Pen. Code, § 117.126, subd. (g).) Its conclusion from those facts that resentencing Baumer would pose an unreasonable risk of danger to public safety was not "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) Since a sufficiency of evidence challenge to the trial court's dangerousness determination had no "reasonable potential for success," appellate counsel did not perform deficiently by failing to make the challenge.

Finally, any argument by either trial our appellate counsel that Baumer was not ineligible for resentencing on the weapon manufacture and possession convictions, because the evidence did not establish *beyond a reasonable doubt* that he was armed with a deadly weapon when he

committed those crimes, would have been futile.  The People must prove a petitioner's ineligibility for resentencing under Proposition 36 beyond a reasonable doubt.  (*People v. Frierson, supra*, 4 Cal.5th at p. 230)  "[A] person is armed with a weapon for purposes of the Proposition 36 exception if the evidence from the record of conviction establishes that he or she was present with the weapon and had it available for use *at any time*  he or she had actual or constructive possession of it within the time period for which the defendant was charged and convicted"  (*People v. Valdez* (2017) 10 Cal.App.5th 1338, 1342.)  By pleading no contest to the weapon-related charges, Baumer effectively pleaded guilty (Pen. Code, § 1016) and admitted he manufactured and possessed the weapon while in prison (*id.*, § 4502, subds. (a), (b); *People v. West* (1970) 3 Cal.3d 595, 612).  By the plea, Baumer also conceded the People could prove beyond a reasonable doubt that he manufactured and possessed the weapon while in prison.  (*People v. Turner* (1985) 171 Cal.App.3d 116, 125.)  Since Baumer obviously was present with the weapon and had it available for use both when he manufactured it and when he possessed it, his no contest plea established beyond a reasonable doubt that he was armed at those times and therefore was ineligible for resentencing under Proposition 36.  (*Valdez*, at p. 1342.)  Hence, neither trial nor appellate counsel was ineffective for failing to argue ineligibility had not been established beyond a reasonable doubt.  (*People v. McPeters* (1992) 2 Cal.4th 1148, 1173 ["Defense counsel is not required to advance unmeritorious arguments on the defendant's behalf."]; *Redante v. Yockelson* (2003) 112 Cal.App.4th 1351, 1356 ["appellate counsel is no responsible for filing an actual frivolous appeal no is he required to contrive arguable issues"].)

(Lodgment No. 12, ECF No. 7-13 at 4–5 (emphasis in original).)

### 2.    *Clearly Established Law*

Clearly established law for ineffective assistance of trial counsel and appellate counsel comes from the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984).  To establish ineffective assistance of counsel, a petitioner must first show his attorney's representation fell below an objective standard of reasonableness.  *Id*. at 688.  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id*. at 687.  Petitioner must also show he was prejudiced by counsel's errors.  *Id*. at 694.  Prejudice can be demonstrated by a showing that "there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *see also Fretwell v. Lockhart*, 506 U.S. 364, 372 (1993). "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112 (citing *Strickland*, 466 U.S. at 693).

The Court need not address both the deficiency prong and the prejudice prong if the defendant fails to make a sufficient showing of either one. *Id.* at 697. There is a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id.* at 686–87. "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). "Representation is constitutionally ineffective only if it 'so undermined the proper functioning of the adversarial process' that the defendant was denied a fair trial." *Strickland*, 466 U.S. at 687.

It is clearly established that standard for evaluating claims of ineffective assistance of appellate counsel is the same as enunciated in *Strickland*. *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citing *Smith v. Murray*, 477 U.S. 527, 535–36 (1986)). Specifically, a petitioner must show appellate counsel "unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Smith*, 528 U.S. at 285. To establish prejudice, Petitioner must demonstrate that she would have prevailed on appeal absent appellate counsel's errors. *Smith*, 528 U.S. at 285.

The Ninth Circuit has observed that:

[*Strickland's*] two prongs partially overlap when evaluating the performance of appellate counsel. In many instances, appellate counsel will fail to raise an issue because she foresees little or no likelihood of success on that issue; indeed, the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy. . . . Appellate counsel will therefore frequently remain above an objective standard of competence (prong one) and have caused her client no prejudice (prong two) for the same reason – because she declined to raise a weak issue.

*Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). An indigent defendant "does not

have a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Under the standards of both 28 U.S.C. § 2254(d) and *Strickland*, judicial review is "highly deferential and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (internal quotation marks and citations omitted). As a result, "the question [under § 2254(d)] is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. The *Strickland* prejudice analysis is complete in itself and there is no need for an additional harmless error review under *Brecht*, 507 U.S. at 637. *See Musladin v. Lamarque*, 555 F.3d 830, 834 (9th Cir. 2009) ("[W]here a habeas petition governed by AEDPA alleges ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), we apply *Strickland's* prejudice standard and do not engage in a separate analysis applying the *Brecht* standard."); *Avila v. Galaza*, 297 F.3d 911, 918 n.7 (9th Cir. 2002).

### 3. Ineffective Assistance of Counsel at Resentencing (Claim Three)

Petitioner argues defense counsel at his resentencing hearing was ineffective as to counts one and two because she failed to present evidence of his low risk to public safety. (*See* Pet., ECF No. 1 at 33–37.) He further contends counsel failed to argue he was eligible for resentencing on counts three and four because the weapon he possessed as to those counts was not "a per se deadly weapon." (*Id*. at 35.) As noted above, the state appellate court denied the claims, concluding Baumer failed to establish prejudice under *Strickland*. (*See* Lodgment No. 12, ECF No. 7-13 at 4.)

The state court's denial of the claim was neither contrary to, nor an unreasonable application of clearly established law. First, defense counsel argued at length that Baumer qualified for resentencing on counts one and two. She asserted that, while Baumer did have numerous disciplinary violations while incarcerated, in recent years he had been an exemplary prisoner. Counsel specifically argued that Baumer did not present

an "unreasonable risk of danger to the public." (*See* Supp. Lodgment, ECF No. 13-1 at 16–24.) She pointed to his good behavior in prison in recent years, along with his success in educational programs he participated in while incarcerated. (*Id.* at 18–21.)

Baumer argues that counsel was ineffective because she failed to present the trial court with a 2015 "Classification Committee Chrono" indicating his "California Static Risk Assessment" score was low. (*See* Pet., ECF No. 1, Ex. R at 173.) As the state appellate court found, however, even assuming arguendo that Baumer could meet *Strickland's* "highly deferential" standard and establish counsel's failure to present the report was unreasonable, Baumer cannot establish prejudice. *See Richter*, 562 U.S. at 105. The trial court reviewed Baumer's extensive history, including reports showing his improved behavior in prison, and nonetheless found the violence involved in his commitment crimes, the numerous disciplinary violations Baumer previously committed and his manipulativeness in prison made resentencing him unreasonably dangerous to public safety. (*See* Supp. Lodgment, ECF No. 13-1 at 26–29.) Given the trial court's stated reasons for denying resentencing, the appellate court's conclusion that counsel's failure to present the report did not "undermine confidence in the outcome" was not objectively unreasonable. *Strickland*, 466 U.S. at 694.

Likewise, Baumer has failed to show ineffective assistance of counsel as to resentencing on counts three and four. As the state court noted, defense counsel argued at the hearing that Baumer was eligible for resentencing on those counts despite his alleged possession of a deadly weapon, but acknowledged that under current California law, her argument was futile. (*See* Supp. Lodgment, ECF No. 13-1 at 10–11.) Further, as the appellate court concluded, Baumer was categorically ineligible for resentencing on counts three and four because he possessed a deadly weapon at the time. *See Perez*, 4 Cal. 5th at 1062 (citing Cal. Penal Code §§ 1170.12(c)(2)(C)(iii) and 1170.126(e)(2)). Because any additional argument by defense counsel would have been futile, her performance was neither unreasonable or prejudicial. *See Strickland*, 466 U.S. at 687, *see also James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994).

3:19-cv-0870-CAB-WVG

Therefore, the state court's denial of Baumer's claims of ineffective assistance of trial counsel was neither contrary to, nor an unreasonable application of, clearly established law. *See Williams*, 423 U.S. at 412–13. In addition, the state court's adjudication did not involve an "unreasonable determination of the facts in light of the evidence presented in the state court proceedings," because Petitioner has not demonstrated that the state court's factual findings were objectively unreasonable. *See Miller-El*, 537 U.S. at 340. Petitioner's claims of ineffective assistance of counsel at his resentencing hearing are therefore **DENIED**.

### 4.    *Ineffective Assistance of Counsel on Appeal (Claim Four)*

Finally, Baumer argues appellate counsel was ineffective for failing to adequately argue on appeal that he was entitled to resentencing one counts one and two because he was a low risk of danger to the public, he was not ineligible for resentencing on counts three and four, and that counsel at his resentencing was ineffective. (*See* Pet., ECF No. 1 at 38–39.) As discussed above in sections V(A)–(B), Petitioner's claims he was entitled to resentencing on any count are without merit. Appellate counsel's declination to argue meritless issues on appeal does not amount to ineffective assistance of appellate counsel. *See Miller*, 882 F.3d at 1434. Further, as the Court has explained in section V(C)(3) of this Order, Petitioner has not demonstrated that he received ineffective assistance from trial counsel. For that reason, Petitioner cannot show that he was prejudiced by appellate counsel's failure to present claims of ineffective assistance of trial counsel on appeal. *See Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001). Therefore, the state court's denial of Petitioner's claims of ineffective assistance of appellate counsel was neither contrary to, nor an unreasonable application of, clearly established law. *See Williams*, 423 U.S. at 412–13. Nor was it based on an "unreasonable determination of the facts in light of the evidence presented in the state court proceedings." *See Miller-El*, 537 U.S. at 340. Claim four is therefore **DENIED**.

/ / /

/ / /

## VI.    CERTIFICATE OF APPEALABILITY

Under AEDPA, a state prisoner seeking to appeal a district court's denial of a habeas petition must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A). The district court may issue a certificate of appealability if the petitioner has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To satisfy this standard, a petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny a certificate of appealability.  *See* Rules Governing § 2254 Cases, Rule 11(a).  The Ninth Circuit has noted that the standard for granting a certificate of appealability is "relatively low." *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002).   A petitioner "need not show that he should prevail on the merits," *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000), but may be entitled to a certificate when the "questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983) (superseded on other grounds by 28 U.S.C. § 2253(c)(2)).  Here, Baumer has failed to make "a substantial showing of the denial of a constitutional right," and reasonable jurists would not find debatable this Court's assessment of his claims. *See Slack*, 529 U.S. at 484.  Accordingly, a certificate of appealability **DENIED**.

## VII.    CONCLUSION

Based on the foregoing, the Court **DENIES** the petition for writ of habeas corpus and **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Dated:  March 16, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge